## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DANEITRA ROBINSON,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBER<br>DC-0752-24-0652-I-1<br><br><br>DATE:  February 23, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Daneitra Robinson</u>, Fairfax, Virginia, pro se.

<u>Diane Tardiff</u>, Bedford, Massachusetts, for the agency.

<u>Winnie Jordan Reaves</u>, Winston-Salem, North Carolina, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her 30-day suspension as untimely filed without good cause shown.  For the reasons set forth below, the appellant's petition for review

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The appellant was employed as a GS-05 Medical Support Assistant at the Veterans Affairs Medical Center in Washington, D.C. Initial Appeal File (IAF), Tab 4 at 149. On March 28, 2024, the agency proposed to remove the appellant from her position based on charges of unauthorized absence and failure to follow leave procedures. *Id.* at 25-34. On May 8, 2024, the agency sustained the charges but mitigated the penalty to a 30-day suspension. *Id.* at 18-21. The appellant served the suspension from May 12, 2024, to June 10, 2024, and returned to duty on June 11, 2024. *Id.* at 16-18.

On June 18, 2024, the appellant filed an appeal of her 30-day suspension with the Board. IAF, Tab 1. The administrative judge issued a July 31, 2024 initial decision dismissing the appeal as untimely filed. IAF, Tab 13, Initial Decision (ID) at 1, 9. The administrative judge noted that the appellant filed the appeal 37 days after the effective date of the suspension (May 12, 2024); thus, the appeal was filed 7 days late. ID at 4. She found that the appellant did not allege or provide evidence that she filed a mixed-case complaint regarding the suspension that would render her appeal prematurely filed and the appellant did not show good cause for the delay in filing. ID at 4-9. She informed the appellant that the initial decision would become the Board's final decision on September 4, 2024, unless a petition for review was filed by that date. ID at 9.

On October 17, 2024, the appellant filed a petition for review, asserting that the agency retaliated against her for filing an equal employment opportunity complaint.[2] Petition for Review (PFR) File, Tab 1 at 2. She also attached emails

---

[2] In the acknowledgment letter, the Office of the Clerk of the Board noted that the appellant confirmed her October 17, 2024 filing should be processed as a petition for review in MSPB Docket Nos. DC-0752-24-0829-I-1 and DC-0752-24-0652-I-1. PFR File, Tab 2 at 1 n.1. It is not clear whether her arguments are directed toward this

between herself and an agency attorney regarding her settlement request.[3] *Id.* at 6. In the acknowledgment letter, the Office of the Clerk of the Board notified the appellant that her petition for review was untimely filed and that she could file a motion with the Board to accept her filing as timely and/or to waive the time limit for good cause. PFR File, Tab 2 at 2-3. The letter provided the appellant a blank copy of the form motion for her to complete and set the deadline of November 8, 2024, for her to file such a motion. *Id.* at 2, 6-7. The letter also explained that, to the extent the appellant was alleging that her health affected her ability to meet filing deadlines, she must: (1) identify the time period during which she suffered from the illness; (2) submit medical or other evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her petition for review. *Id.* at 6 n.1.

The agency responded in opposition to the petition for review, PFR File, Tab 3, and the appellant filed an untimely reply and a motion to waive or set aside the time limit,[4] PFR File, Tab 4. In her motion, the appellant asserts that she was hospitalized after she was arrested at work and provides documentation showing that she was hospitalized from July 26, 2024, to July 28, 2024, for

---

matter or the other matter.

[3] The appellant's email indicates that her settlement request pertains to a different matter, MSPB Docket No. DC-0752-24-0829-I-1. Due to an apparent typographical error, the email incorrectly identifies the docket number as MSPB Docket No. DC-0752-24-0859-I-1. In any event, the appellant's assertions and evidence on review are immaterial to the timeliness issue in this matter. Thus, we have not considered them. *See Russo v. Veterans Administration,* 3 M.S.P.R. 345, 349 (1980) (stating the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

[4] The appellant filed her motion on November 29, 2024, three weeks past the deadline, with no explanation for that delay. We therefore need not consider the appellant's motion, the untimely filing of which demonstrates her lack of due diligence in filing her petition for review. *See Alford v. Office of Personnel Management*, 108 M.S.P.R. 414, ¶¶ 8-9, 11 (2008).

pneumonia and abdominal pain and nausea, among other things. PFR File, Tab 4 at 6-10.[5]

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review must be filed within 35 days after the date of the issuance of the initial decision, or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). The record reflects that the initial decision was served electronically by email on the appellant, who had registered as an e-filer, on July 31, 2024—the date it was issued. ID at 17; *see* 5 C.F.R. § 1201.14(*l*)(2) (providing that Board documents served electronically on e-filers are deemed received on the date of electronic submission). The appellant does not argue otherwise. Thus, the deadline for filing a petition for review was September 4, 2024, the 35th day after the date of issuance of the initial decision. *See* 5 C.F.R. § 1201.114(e). However, the appellant filed a petition for review on October 17, 2024, forty three days past the filing deadline. PFR File, Tab 1.

The Board will waive its timeliness regulations only upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.12, 1201.113(d), 1201.114(g). The party who submits an untimely

---

[5] Months after filing her petition for review and response regarding its timeliness, the appellant filed a request to withdraw the petition. PFR File, Tab 9. That same day, she filed another pleading labeled "Request back pay and reinstatement to pay status," in which she summarily requested reversal of any adverse action and the restoration of any associated pay and benefits. PFR File, Tab 10. Then, on February 18, 2026, she filed a pleading labeled "Response to 02 18 2026 Response to 01 29 2026 Cancel requested," in which she indicated she wished to cancel her withdrawal request. PFR File, Tab 12. Because we find the appellant's petition for review untimely filed without good cause, we need not address these additional pleadings any further. *See, e.g., Rosso v. Department of Homeland Security*, 113 M.S.P.R. 271, ¶ 9 (2010) (recognizing that an appellant's relinquishment of her right to appeal to the Board must be by clear, unequivocal, and decisive action).

petition for review has the burden of establishing good cause by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Applying these factors, we find that the appellant has not shown good cause for her filing delay. Notwithstanding the appellant's pro se status, her 43-day delay in filing a petition for review was significant. *See Dow v. Department of Homeland Security,* 109 M.S.P.R. 633, ¶ 8 (2008) (finding a delay of more than 1 month to be significant, despite an appellant's pro se status). To the extent the appellant is arguing that her health conditions precluded her from timely filing her petition or requesting an extension of time within which to do so, we find her argument unavailing. As discussed above, the Office of the Clerk of the Board explained to the appellant that she must provide the Board with specific information to show good cause for an untimely filing on the basis of illness. PFR File, Tab 2 at 6 n.1. Even if we were to consider her untimely filed motion, the appellant did not provide any medical evidence other than her hospitalization records from July 26, 2024, to July 28, 2024, which preceded the filing period. The appellant did not show that she was hospitalized, under treatment, or otherwise incapacitated for the period of time between July 31, 2024, the date she received the initial decision, and September 4, 2024, the deadline for timely filing her petition for review. *See Cornelius v. National*

*Credit Union Administration*, 87 M.S.P.R. 497, ¶ 8 (2001) (finding that the appellant failed to establish that his untimely filing was the result of a medical condition when, although the appellant provided evidence regarding past medical problems, he failed to demonstrate that he was hospitalized, under treatment, or otherwise incapacitated during the relevant timeframe).  Nor did the appellant provide evidence regarding the 43-day period of delay between September 4, 2024, and October 17, 2024.  *See id.*  Thus, we find that the appellant has failed to demonstrate good cause for her untimely filing on the basis of illness.  *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998); *see also Stribling v. Department of Education*, 107 M.S.P.R. 166, ¶ 8 (2007).  In addition, a lack of representation, or an inability to obtain representation, fails to establish good cause to excuse an untimely petition for review, insofar as the appellant is raising such a claim.  *See Minor v. Department of the Air Force,* 109 M.S.P.R. 692, ¶ 8 (2008).

Accordingly, we dismiss the petition for review as untimely filed without good cause shown.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the timeliness of the appeal of the 30-day suspension.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:                        _____
                                      Gina K. Grippando
                                      Clerk of the Board

Washington, D.C.